United States District Court
Southern District of Texas
FILED

MAY 27 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
May 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ENRIQUE HUERTA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-CV-0143 |
| | § | |
| C. HOWARD, Warden, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

ENRIQUE HUERTA, USM No. 35860-479, is a federal inmate confined by the Bureau of Prisons at the U.S. Penitentiary in Tucson, Arizona. (Dkt. No. 1 at 1). He is currently serving a prison term of 180 months on a conviction for conspiring to possess with intent to distribute methamphetamine in *United States v. Huerta*, 7:18-CR-0319-2. (Cr. Dkt. No. 67 at 1-2).[1] Pending is Huerta's request for "compassionate release" or modification of his sentence (the "Request") raised through a form petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1).

In support of the Request, Huerta invokes § 1B1.13 of the United States Sentencing Guidelines—which addresses the reduction of a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)—and argues that "extraordinary and compelling reasons" warrant his release, specifically, his family circumstances, his rehabilitation, that he is not a danger to the community, his myriad medical conditions, and the COVID-19 pandemic. (Dkt. No. 1 at 6-7, 15, 23).

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the record and the relevant law, the undersigned respectfully RECOMMENDS that the Request (Dkt. No. 1) be CONSTRUED as a motion for

---

[1] As used hereafter, "Cr. Dkt." is a citation to the entries in Criminal Action No. 7:18-CR-0319-2.

compassionate release under 18 U.S.C. § 3582(c)(1)(A), that the Request (Dkt. No. 1) be docketed as a motion for compassionate release in *United States v. Huerta*, 7:18-CR-0319-2, that the Government be ordered to submit a response to the motion for compassionate release, that the Request be DENIED without prejudice insofar as Huerta does intend on seeking relief under § 2241, and that this civil action be CLOSED. Huerta has also filed a Motion for Appointment of Counsel (Dkt. No. 2), which the Magistrate Judge RECOMMENDS be DENIED as MOOT.

## I. BACKGROUND

This is not the first time Huerta has made a request like the one at issue. In May of 2020, the District Court received a handwritten letter from Huerta moving for compassionate release due to his medical conditions and the COVID-19 pandemic. (Cr. Dkt. No. 85). The Government opposed that initial request on the basis that Huerta failed to exhaust his administrative remedies as required by § 3582(c)(1)(A). (Cr. Dkt. No. 86 at 1-3). The Government also argued that the request had no merit. (*Id.* at 4-12). The District Court agreed and denied Huerta's requested relief. (Cr. Dkt. No. 87). In doing so, the District Court noted that the letter "[did] not address the exhaustion requirement at all[,]" that the letter did not indicate the severity of Huerta's medical conditions, and that the COVID-19 pandemic did not of itself warrant relief. (*Id.* at 1-2).

Now, as part of a presumed attempt to correct these inadequacies, Huerta includes with the Request a completed—albeit undated—compassionate release request form made out to his warden. (Dkt. No. 1-1 at 1). He also offers several pages of briefing as to each of his grounds for relief and medical literature regarding his medical diagnoses. (Dkt. No. 1 at 9-23; Dkt. No. 1-1 at 2-8; Dkt. No. 1-2).

In terms of relief, Huerta requests only that his sentence be reduced and he be released; nowhere does he request a modification of the way his sentence is served or executed.

## II. LEGAL STANDARD

### A. Liberal Construction of Pro Se Pleadings

The filings of a pro se prisoner are to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)) (quotation marks omitted). The liberal construction of a pro se pleading often means looking past its label to avoid summary dismissal based on a procedural default. *See United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983) (construing pro se prisoner's "ill-styled Rule 35 pleading" as a request for relief under 28 U.S.C. § 2255 and thereby precluding dismissal of the appeal as untimely). In the spirit of liberal construction, a pro se pleading should also be read in support of the court's jurisdiction. *See Stockheimer v. Underwood*, 428 F. Supp. 192, 194 (W.D. Wis. 1977); *see also Hurley v. U.S. Bureau of Immig. & Customs Enf't*, 257 F. App'x 726, 727 (5th Cir. 2007) (per curiam) ("Liberally construing the filings of these pro se parties as a timely notice of appeal, we decline to construe it as a petition for review, because if were we thus to construe it, we would have to dismiss it for lack of jurisdiction. This is because, as a petition for review, it is untimely filed on its face.").

### B. Compassionate Release

A district court may consider a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which "provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019).

A motion for compassionate release under § 3582(c)(1)(A) may be filed by either the Director of the Bureau of Prisons (the "BOP") or the defendant themselves. *See* 18 U.S.C. § 3582(c)(1)(A). Insofar as the BOP does not file a motion on the defendant's behalf, the statute

provides the defendant the means to appeal that decision. *Moore v. Lacy*, 2020 WL 5797708, at *2 (E.D. Tex. Aug. 17, 2020) (citing *United States v. Cantu*, 423 F. Supp. 3d 345, 347 (S.D. Tex. 2019)), *report and recommendation adopted*, 2020 WL 5778789 (E.D. Tex. Sept. 26, 2020). Before appealing, the defendant must exhaust their administrative remedies, which entails "fully exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Although this exhaustion requirement is not jurisdictional, it is mandatory. *United States v. Lang*, 835 F. App'x 790, 792 (5th Cir. 2021) (per curiam) (citing *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020)).

Relief under § 3582(c)(1)(A) is a matter of discretion. *United States v. Rios*, 2021 WL 1169343, at *2 (S.D. Tex. Mar. 27, 2021). "[A] district court [may] reduce a defendant's sentence if after considering any relevant 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Lang*, 835 F. App'x at 792 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Only the sentencing court has the jurisdiction and authority to make this determination. *Ambriz v. United States*, 465 F. Supp. 3d 630, 632 (N.D. Tex. June 5, 2020) (citing *Landazuri v. Hall*, 423 F. App'x 475, 476 (5th Cir. 2011) (per curiam)) ("[A] district court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c) motion.").

## C. Section 2241

Section 2241 provides the means for a prisoner to challenge the way their sentence is executed. *Reyes-Requena v. United States*, 243 F.3d 893, 900-901 (5th Cir. 2001). "A [§] 2241 petition may be granted if the inmate 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) (per

curiam) (quoting 28 U.S.C. § 2241(c)(3)). The proper forum to file a § 2241 petition is the district embracing the place of confinement. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

There is precedent for bringing compassionate-release-type requests through § 2241 as a procedural vehicle. For example, while subject to disagreement, some courts have held that a motion for release to *home confinement* implicates the way a sentence is executed, as opposed to a sentencing reduction, and may thus be properly raised under § 2241. *See Woods v. Bradley*, 2021 WL 1197807, at *3 n.5 (N.D. Ala. Feb. 1, 2021) (collecting cases). Historically, district courts also considered § 2241 petitions complaining that the Director of the BOP abused their discretion in refusing to request compassionate release for the petitioner. *See United States v. Caruthers*, 2018 WL 1629141, at *2 (S.D. Tex. Apr. 4, 2018) (citing *United States v. Douglas*, 696 F. App'x 666, 670 n.5 (5th Cir. 2017) (per curiam)) ("Once Movant exhausts his administrative remedies, he may petition for habeas relief pursuant to [§ 2241] if the BOP refuses to file a motion for compassionate release on his behalf."); *see also United States v. Evans*, 2018 WL 7246989, at *2 (N.D. Tex. Mar. 8, 2018). The continued validity of this type of § 2241 petition is called into question, however, insofar as § 3582(c)(1)(A) was explicitly amended, effective December 21, 2018, to allow a defendant to directly appeal the BOP's decision before the sentencing court.[2]

Otherwise, where the prisoner does not allege any constitutional violations, "[a] request for compassionate release is not cognizable in a § 2241 petition because it concerns the medical needs of a prisoner, not unconstitutional or illegal confinement." *Melot v. Warden, FCI Beaumont*, 2020 WL 6153595, at *1 (E.D. Tex. Sept. 16, 2020) (citing *Figueroa*, 347 F. App'x at 50), *report and recommendation adopted*, 2020 WL 6150469 (E.D. Tex. Oct. 20, 2020).

---

[2] To be clear, prior to this amendment, § 3582(c)(1)(A) provided that only the Director of the BOP could file a motion for compassionate release.

## III. ANALYSIS

Liberally construing the Request in support of jurisdiction, and considering the substance of the Request, Huerta appears to bring a second motion for compassionate release directly under § 3582(c)(1)(A), not a § 2241 petition.

To begin, it is clear from a contextual reading of § 3582(c)(1)(A) that the sentencing court has jurisdiction over a motion for compassionate release. A § 2241 petition, on the other hand, must typically be filed where the prisoner is incarcerated, and Huerta is incarcerated in Arizona. Construing the Request as a motion under § 3582(c)(1)(A) squarely establishes jurisdiction with this District Court as the court that sentenced Huerta.

In terms of substance, the Request exclusively concerns a discretionary, compassionate release based on the policy statements referenced in § 1B1.13, which provide that "extraordinary and compelling reasons" for release may include the defendant's medical condition and their family circumstances. *See* U.S.S.G. § 1B1.13, comment. (n.1). As noted above, in support of release, Huerta raises his family circumstances, his rehabilitation, that he is not a danger to the community, his myriad medical conditions, and the COVID-19 pandemic. Huerta also cites to approximately two dozen cases where defendants argued for § 3582(c)(1)(A) relief based on similar considerations.[3] (Dkt. No. 1-2 at 3-21).

On the other hand, nowhere through the Request does Huerta claim any violations of federal law required for purposes of a § 2241 petition. Nor does he request any relief arguably related to the way his sentence is executed, such as a request that he be released to home confinement. Moreover, called into question is the continuing validity of bringing a § 2241

---

[3] Huerta does cite to one case involving a § 2241 petition, *Doe v. Barr*, 2020 WL 1820667 (N.D. Cal. Apr. 12, 2020), but the case was brought by an immigration detainee, and Huerta merely refers to it for the proposition that his diagnosed post-traumatic stress disorder exacerbates his other medical conditions and COVID-19 risk (Dkt. No. 1-2 at 8-9).

petition to seek review of the BOP's decision not to request compassionate release. As discussed above, § 3582(c)(1)(A) now allows a defendant—as Huerta does here—to appeal the BOP's decision and request compassionate release themselves directly before the sentencing court.

For similar reasons, to the extent that Huerta does intend to bring a § 2241 petition for compassionate release, such petition should be denied without prejudice to re-filing. Again, a request for compassionate release is not cognizable in the § 2241 context because it does not address unconstitutional or illegal confinement. Also, even assuming a defendant can still bring a § 2241 petition to challenge the BOP's refusal to request compassionate relief, such a petition would have to be filed in the district of incarceration.

## IV. CONCLUSION

After review of the record and the relevant law, the Magistrate Judge respectfully RECOMMENDS that the Request (Dkt. No. 1) be CONSTRUED as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), that the Request (Dkt. No. 1) be docketed as a motion for compassionate release in *United States v. Huerta*, 7:18-CR-0319-2, that the Government be ordered to submit a response to the motion for compassionate release, that the Request be DENIED without prejudice insofar as Huerta does intend on seeking relief under § 2241, and that this civil action be CLOSED. The Magistrate Judge also RECOMMENDS that the Motion for Appointment of Counsel (Dkt. No. 2) be DENIED as MOOT.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report

and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### Directive to Clerk of Court

The Clerk of Court is DIRECTED to forward a copy of this report to Huerta by any receipted means.

DONE at McAllen, Texas this 27th day of May 2021.

J. SCOTT HACKER
United States Magistrate Judge